IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENÉ MADRIGAL,

    Petitioner,      No. CIV S-07-1704 MCE KJM P

  vs.

BOARD OF PRISON TERMS

    Respondents.      ORDER AND

_____/      FINDINGS & RECOMMENDATIONS

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under the authority of 28 U.S.C. § 2254 challenging a parole revocation hearing conducted, he alleges, in violation of the agreement reached in Valdivia v. Schwarzenegger, No. Civ. S-94-0671 LKK/GGH.

    On October 15, 2007, the court recommended that the action be dismissed because plaintiff had not paid the filing fee nor submitted an application to proceed in forma pauperis. On December 7, 2007, he submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

1

453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Petitioner does claim that the state courts "say it's a federal issue to be addressed in federal court," but at least one California court has addressed the issue in a published opinion. In re Marquez, 153 Cal.App.4th 1 (2007). Petitioner has not demonstrated that he will be unable to secure relief in the state courts. Accordingly, the petition should be dismissed without prejudice.[2]

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 15, 2007 are hereby vacated;

2. Petitioner's August 28, 2007 motion for the appointment of counsel is denied;

3. Petitioner is granted leave to proceed in forma pauperis; and

4. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 28, 2007.

U.S. MAGISTRATE JUDGE

2
madr1704.103